CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.**, <br><br> Plaintiff, <br><br> v. <br><br> **Constant K. Chan,** in individual and representative capacity as trustee; **Alice Y. Chan,** in individual and representative capacity as trustee; **Constant K.S. Chan, M.D., Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Rafael Arroyo Jr. complains of Defendants Constant K. Chan, in individual and representative capacity as trustee; Alice Y. Chan, in individual and representative capacity as trustee; Constant K.S. Chan, M.D., Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

1

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2. Defendant Constant K. Chan, in individual and representative capacity as trustee, owned the real property located at or about 10007 State St., Lynwood, California, in January 2017.

3. Defendant Constant K. Chan, in individual and representative capacity as trustee, owns the real property located at or about 10007 State St., Lynwood, California, currently.

4. Defendant Alice Y. Chan, in individual and representative capacity as trustee, owned the real property located at or about 10007 State St., Lynwood, California, in January 2017.

5. Defendant Alice Y. Chan, in individual and representative capacity as trustee, owns the real property located at or about 10007 State St., Lynwood, California, currently.

6. Defendant Constant K. S. Chan, M.D., Inc. owned the Dr. Constant K. Chan's Medical Clinic located at or about 10007 State St., Lynwood, California, in January 2017.

7. Defendant Constant K. S. Chan, M.D., Inc. owns the Dr. Constant K. Chan's Medical Clinic ("Medical Clinic") located at or about 10007 State St., Lynwood, California, currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.

Complaint

Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 (a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to the Medical Clinic in January 2017 to look for another doctor.

13. The Medical Clinic is a facility open to the public, a place of public accommodation, and a business establishment.

14. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Medical Clinic.

15. Unfortunately, the parking lot serving the Medical Clinic is not van accessible.

16. There is one parking space marked and reserved for persons with disabilities but it measured 114 inches in width while the access aisle measured just 72 inches in width. This is not van accessible.

Complaint

17. Currently, there is no van-accessible parking space.

18. Plaintiff personally encountered this barrier.

19. This inaccessible conditions denied Plaintiff full and equal access and caused him difficulty and frustration.

20. Even though plaintiff did not personally confront the barrier, the standard handicap parking space did not have the required signage bearing the International Symbol of Accessibility logo.

21. The standard handicap parking space did not have the required "Minimum Fine $250" signage.

22. The standard handicap parking space did not have the required tow-away signage.

23. The standard handicap parking space did not have the required "NO PARKING" lettering in the access aisle.

24. Currently, Defendants fail to maintain this parking space in compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

25. Currently, the standard handicap parking space does not have the required signage bearing the International Symbol of Accessibility logo.

26. Currently, the standard handicap parking space does not have the required "Minimum Fine $250" signage.

27. Currently, the standard handicap parking space does not have the required tow-away signage.

28. Currently, the standard handicap parking space does not have the required "NO PARKING" lettering in the access aisle.

29. The Defendants had no policy or plan in place to make sure that the parking space reserved for persons with disabilities remained useable prior to plaintiff's visit.

30. The Defendants have no policy or plan in place to make sure that the parking space reserved for persons with disabilities remain useable, currently.

Complaint

31. Path of travels are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Medical Clinic.

32. The path of travel to the front entrance door of the Medical Clinic required a person to navigate a 6 inch step for which there was no ramp.

33. Moreover, there was no directional signage posted at this inaccessible entrance that would direct wheelchair users to an alternative accessible entrance or alternative method of accessing the services.

34. Currently, the path of travel to the front entrance door of the Medical Clinic requires a person to navigate a 6 inch step for which there is no ramp.

35. Currently, there is no directional signage posted at this inaccessible entrance that would direct wheelchair users to an alternative accessible entrance or alternative method of accessing the services.

36. Transaction counters are also of the facilities, privileges, and advantages offered by Defendants to patrons of the Medical Clinic.

37. The transaction counter at the Medical Clinic was more than 36 inches in height.

38. There was no lowered, 36 inch portion of the transaction counter for use by persons in wheelchairs.

39. Currently, the transaction counter at the Medical Clinic is more than 36 inches in height.

40. Currently, there is no lowered, 36 inch portion of the transaction counter for use by persons in wheelchairs.

41. Plaintiff would like to return and patronize the Medical Clinic but will be deterred from visiting until the defendants cure the violations.

42. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

43. The violations identified above are easily removed without much

difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

44. Plaintiff is and has been deterred from returning and patronizing the Medical Clinic because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Medical Clinic as a customer once the barriers are removed.

45. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

46. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

6

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

47. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

48. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

Complaint

1    with disabilities. 42 U.S.C. § 12183(a)(2).

2    49. Any business that provides parking spaces must provide accessible
3    parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in
4    every eight of those accessible parking spaces but not less than one must be a
5    "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991
6    Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible
7    parking spaces must be van accessible. 2010 Standards § 208.2.4.

8    50. Here, the lack of a van-accessible parking space is a violation of the law.

9    51. Any business that provides parking spaces must provide accessible
10   parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify
11   as a reserved handicap parking space, the space must be properly marked and
12   designated. Under the ADA, the method, color of marking, and length of the
13   parking space are to be addressed by state or local laws or regulations. See 36
14   C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly
15   and effectively reserve a parking space for persons with disabilities, each
16   parking space must be at least 216 inches in length. CBC § 11B-502.2. The
17   access aisle must extend the full length of the parking spaces it serves. 2010
18   Standards § 502.3.2. Under the California Building Code, a sign must be
19   posted in a conspicuous place at the entrance to the parking lot or immediately
20   adjacent to each handicap parking space, with lettering 1 inch in height, that
21   clearly and conspicuously warn that unauthorized vehicles parking in the
22   handicap parking spaces can be towed at the owner's expense. CBC §
23   1129B.4. The surface of the access aisle must have a blue border. CBC §
24   1129B.3. The words "NO PARKING" in letters at least a foot high must be
25   painted on the access aisle. *Id*.

26   52. Here, there was no pole or wall mounted signage with the wheelchair
27   logo, in violation of the ADA.

28   53. Here, Defendants failed to post the required "Minimum Fine $250"

8

Complaint

signs, in violation of the ADA.

54. Here, Defendants failed to post the required tow-away signs, in violation of the ADA.

55. Here, there was no "NO PARKING" lettering in the access aisle, in violation of the ADA.

56. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id.* 2010 Standards § 303.4.

57. Here, the unramped step is a violation of the ADA.

58. When not all entrances are accessible, the inaccessible entrances must have directional signage posted to indicate the route to the nearest accessible entrance. 1991 Standards § 4.1.2(7)(c).

59. Here, the failure to provide an accessible entrance is a violation of the law.

60. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

61. Here, no such accessible counter has been provided in violation of the ADA.

62. A public accommodation must maintain in operable working condition

Complaint

those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

63. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

64. Given its location and options, plaintiff will continue to desire to patronize the Medical Clinic but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

65. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

66. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

67. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

PRAYER:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

Complaint

Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.


Dated: February 14, 2017          CENTER FOR DISABILITY ACCESS


                                  By: _____
                                  Russell Handy, Esq.
                                  Attorneys for plaintiff

Complaint